# STATE OF NORTH CAROLINA

**County:** Buncombe

**File No.** 24CV 01664

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**FILED** 2024 APR 22 A 10:32
BUNCOMBE CO., C.S.C.
BY _____

**Name And Address Of Plaintiff 1**
Ronald L. Mann, Jr.
54 County Road 792
Gaylesville

**Name And Address Of Plaintiff 2**

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

**Name And Address Of Defendant 1**
B&G Pipeline Company
c/o Cogency Global Inc., registered agent
212 South Tryon Street, Suite 1000
Charlotte  NC  28281

**Summons Submitted:** ☐ Yes  ☒ No

**Name And Address Of Defendant 2**

**Summons Submitted:** ☐ Yes  ☐ No

**Name And Address Of Attorney Or Party, If Not Represented**
Kevin M. Elwell
K.M. Elwell, P.C.
490 North Thomas Street
Athens  GA  30601

**Telephone No.** (706) 353-1200
**Cellular Telephone No.** (706) 550-8115
**NC Attorney Bar No.** 33730
**Attorney Email Address:** kmelwell@kmelwell.com

☒ Initial Appearance in Case  ☐ Change of Address

**Name Of Firm:** K.M. Elwell, P.C.
**Fax No.** (888) 865-9532

**Counsel For:** ☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

Case 1:24-cv-00163-MR-WCM  Document 1-1  Filed 05/31/24  Page 1 of 6

| | **CLAIMS FOR RELIEF** | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☒ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

*Date* 

*Signature Of Attorney/Party*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | ) IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF BUNCOMBE | ) SUPERIOR COURT DIVISION |
| | ) 24-CVS-24CV 01664 |
| RONALD L. MANN, JR., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) (jury trial demanded) |
| B&G PIPELINE COMPANY, | ) |
| Defendant. | ) |

FILED 2024 APR 22 A 10: 32 BUNCOMBE CO. C.S.C. BY

COMES NOW Ronald L. Mann, Jr., Plaintiff in the above-captioned action, and shows the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Cherokee County, Alabama.

2. Defendant is an Arkansas corporation with its principal office at 365 Panther Creek Road, Searcy, Arkansas 72143. Defendant has qualified to do business within the State of North Carolina and is subject to the personal jurisdiction of the Court. Defendant may be served a copy of the summons and complaint in this action by delivery of same to its registered agent for service of process, Cogency Global, Inc., 212 South Tryon Street, Suite 1000, Charlotte, North Carolina 28281.

3. Venue in Buncombe County is proper, as the acts complained of herein were committed in Buncombe County.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

4. On October 19, 2021, Plaintiff was working off Liberty Road in Buncombe County for his employer, Shawcor Integrity Management. Plaintiff's job was to inspect pipe welds.

5. Plaintiff was standing under a pipe that had been lifted off the ground for purposes of inspection. At the same time, employees of Defendant began using an excavator to align a second pipe to the pipe under which Plaintiff was standing.

6. Defendant's employees negligently caused the second pipe to collide with the pipe under which Plaintiff was standing, further causing one of the pipes, which weighed in excess of one thousand pounds, to fall onto Plaintiff's right leg.

7. Defendant's employees at all times pertinent were aware of Plaintiff's presence and location.

8. Defendant had a duty safely to conduct operations at the job site and breached that duty in the following ways:

    a) In attempting to connect the pipes, knowing that Plaintiff was standing nearby;
    b) In allowing two pipes to collide, and in allowing one of the pipes to fall onto Plaintiff;
    c) In failing adequately to warn Plaintiff that his location was dangerous, given Defendant's employees' activities at the job site;
    d) In failing to act as would a reasonable person under the circumstances then and there existing; and
    e) In other ways to be determined during discovery.

9. Plaintiff suffered severe personal injuries as a proximate result of the negligence of Defendant's employees.

10. Further, Defendant, through its employees, representatives, agents, or contractors, acted in such a manner as to evince willfulness, wantonness, recklessness, and an entire want of care that indicates lack of concern for consequences, authorizing an award of punitive damages, for which Plaintiff sues.

11. Defendant is liable for the acts and omissions of its employees, representatives, agents, and contractors by virtue the doctrines of respondeat superior and agency.

12. By reason for the aforesaid acts of Defendant, through Defendant's employees, Plaintiff is informed, believes and therefore alleges that he is entitled to recover actual and punitive damages in amounts exceeding $25,000 each.

## FOR SECOND CAUSE OF ACTION
### (Negligent, Grossly Negligent, Reckless and Willful or Wanton Supervision, Instruction and Retention of Defendant)

13. Plaintiff realleges each and every allegation contained in Paragraphs 1-12 as if fully restated herein.

14. As an employer, Defendant has a duty to supervise its employees to make sure they safety conduct operations and avoid injuring others working at the same job site.

15. As an employer, Defendant has a duty to terminate its employee if the employee is unable or unwilling to perform the job duties safely and in a manner adequate to avoid injury to others.

16. Defendant had a duty to supervise its employees and make sure they were competent to work with heavy pipes and avoid injuring others.

17. Defendant created an unreasonable risk of harm to Plaintiff by failing adequately to supervise, control or otherwise monitor the activities of its employees.

18. Defendant retained and failed to terminate its employees when it knew or should have known that said employees were not competent to perform their job tasks.

19. Defendant created an unreasonable risk of harm to Plaintiff by failing to terminate its employees when it was apparent and obvious said employees were unable or unwilling to perform their job duties in an adequate and proper manner and in compliance with all rules, regulations and laws.

20. Defendant was negligent, grossly negligent, reckless, and willful or wanton in that it:

    a. Instructed or directed its employees to move heavy pipes, despite the fact that Defendant knew or should have known in the exercise of reasonable care, that its employees were incompetent and or unfit to do so;

    b. Failed properly to supervise its employees when Defendant knew or should have known its employees were incompetent or unfit to work with heavy pipes;

    c. Failed to exercise reasonable care to control or supervise its employees so as to make sure they would not improperly handle heavy pipes;

    d. Failed to suspend or discipline its employees and prevent them further from improperly handling heavy pipes;

    e. Failed to terminate its employees when it became clear and obvious that they were unable and or unwilling to perform their job duties of in an adequate and proper manner and in compliance with all rules, regulations and laws concerning proper handling of heavy pipes;

    f. Otherwise failed to exercise reasonable care under the circumstances; and

    g. In such other ways not specifically enumerated herein.

21. As a direct and proximate result of Defendant's negligence, gross negligence, reckless, willful, wanton wanton negligence, its employees were instructed or directed improperly to work with heavy pipes when said employees were unsafe, unfit, or incompetent to work with heavy pipes, and as a direct and proximate result of Defendant's employees' lack of safety, fitness, and competence in attempting to work with heavy pipes, said employees caused Plaintiff to suffer serious personal injuries.

22. As a result of the above-described conduct, Plaintiff herein seeks actual and punitive damages from Defendant.

3

23. The conduct by Defendant, upon information and belief was intentional, willful and wanton, reckless, oppressive and in callous disregard for the rights and safety of others, particularly for Plaintiff, and which reckless indifference included the conscious decision to allow Defendant's employees improperly to handle and move heavy pipes. As a result of the intentional, willful and wanton, and reckless misconduct of Defendant, said Defendant is liable to Plaintiff for punitive damages.

24. The existence of this factor will be proven by clear and convincing evidence.

25. Upon information and belief, the officers, board of directors, and managers of Defendant condoned the conduct constituting the aggravating factor.

26. There is a need to punish Defendant for its egregiously wrongful acts described above and to deter Defendant and others from committing similar wrongful acts.

27. Plaintiff is therefore entitled to recover such punitive damages that may be awarded which bear a reasonable relationship to the sum sufficient to punish Defendant or to deter Defendant or others from engaging in this or similar wrongful conduct in the future or to make an example of them.

**WHEREFORE**, Plaintiff prays that he have and recover of Defendant:

(a) judgment for all damages incurred, or to be incurred;
(b) prejudgment interest from the time of filing;
(c) a trial by a jury of 12 persons;
(d) all costs of this action; and
(e) such other and further relief as the Court deems mete and just.

This 15th day of April, 2024.

*/s/ Kevin M. Elwell*
KEVIN M. ELWELL
North Carolina Bar No. 33730

K.M. ELWELL, P.C.
490 North Thomas Street
Athens, Georgia 30601
(706) 353-1200
kmelwell@kmelwell.com

Attorneys for Plaintiff Ronald L. Mann, Jr.

4